UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOP BRAND LLC, and SKY CREATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>COZY COMFORT COMPANY LLC, BRIAN SPECIALE, and MICHAEL SPECIALE,<br><br>Defendants | Civil Action No.:<br><br>JUDGE: |

**COMPLAINT**
**FOR DECLARATORY JUSDGMENT OF NON-INFRINGEMENT**
**AND INVALIDITY OF UNITED STATES PATENT NO. D859,788 AND OTHER RELIEF**

Plaintiff, Top Brand LLC ("Top Brand") and Sky Creations LLC ("Sky") (collectively "Plainitffs"), by and through their attorneys, Aronberg Goldgehn Davis & Garmisa, for their complaint against Cozy Comfort Company LLC ("Cozy Comfort"), Brian Speciale, and Michael Speciale (collectively hereinafter "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgement action seeking a determination that Top Brand does not infringe any valid or enforceable claim of U.S. Patent no. D859,788 ("the '788 patent") under 35 U.S.C. § 271.

2. This is a declaratory judgement action seeking a determination that the '788 patent is invalid, unenforceable, Defendants have engaged in false marking in violation of 35

1

U.S.C § 292. Plaintiff also asserts Illinois state law claims for Unfair Competition and Intentional Inerfernce with Contract.

3. This is an action seeking damages for violations of 35 U.S.C. § 292 and **810 ILCS 510**.

4. A true and correct copy of the '788 patent is attached as Exhibit A.

5. A true and correct copy of the file history of the '788 patent is attached as Exhibit B.

## THE PARTIES

6. Top Brand LLC is a California limited liability company with its principal place of business in Carson, CA.

7. Top Brand is in the business of producing and selling clothing including hooded sweatshirts through on-line retailers in the Chicago area.

8. Sky Creations, LLC is an Illinois limited liability company located in Chicago, IL.

9. Sky owns all rights, title and interests in U.S. Design Patent No. D728,900 for a Hoodie. The '900 Patent is cited as a reference in connection with the '788 patent and, along with other cited references, limits the scope of the claims of the '788 patent.

10. Top Brand is the exclusive licensee of Sky's intellectual property, including the '900 Patent.

11. Cozy Comfort is a limited liability company organized under the laws of Arizona.

12. Cozy Comfort has a principal place of business at 4634 E. Peak View Rd., Cave Creek, AZ 85331.

13. Michael Speciale and Brian Speciale are individuals and the only two members of

Cozy Comfort.

14.     On information and belief, Michael Speciale and Brian Speciale, individually and/or together manage, direct and control the actions of Cozy Comfort.

15.     Michael Speciale is a resident of Arizona, and maintains an address of 30604 N. 41st Way, Cave Creek, AZ 85331.

16.     Brian Speciale is a resident of Arizona, and maintains an address of 4634 E. Peak View Rd., Cave Creek, AZ 85331.

17.     In a communication to the United States Patent and Trademark Office ("USPTO") on September 21, 2017, attorney Thomas W. Galvani, acting on behalf of Defendants, represented to the Patent Office that application that would mature into the '788 patent was assigned to Cozy Comfort by Michael Speciale and Brian Speciale, and the assignment was recorded on September 14, 2017 on Real/Frame 043595/0508.

18.     As of the date of the filing of this complaint, there is no assignment of the '788 patent recorded with the United States Patent and Trademark Office.

19.     As of the date of the filing of this complaint, no assignment of U.S. Patent Application No. 29/617,421 has been recorded with the United States Patent and Trademark Office.

20.     As of the date of this filing, searching for Reel/Frame 043595/0508 through the government patent assignment searching website https://assignment.uspto.gov/patent/index.html#/patent/search yields no results of any assignment being recorded with the USPTO.

21.     In the absence of a valid assignment by each of Michael Speciale and Brian Speciale, as the individuals listed as the inventors on a patent, each is presumed to be a co-owner

of all right title and interest in and to the patent.

22. In early November 2019 Cozy Comfort sent an email to Amazon.com alleging that Top Brand products infringed the '788 Patent and requesting that Amazon take down Top Brand listings to prevent sales of 15 different Top Brand products.

23. Throughout November, 2019 and continuing to this date, and at all material times, Cozy Comfort has filed multiple patent infringement complaints with Amazon.com in an attempt to bar Top Brand from selling Top Brand products through Amazon.com based on Cozy Comfort's assertions that Top Brand's products infringe the '788 Patent.

24. Top Brand maintains that its products do not infringe any valid and enforceable claim of the '788 Patent.

25. On November 13, 2019, attorneys for Top Brand sent a letter to Cozy Comfort counsel describing in detail the non-infringement of Top Brand products. Despite that notice, Cozy has continued to assert claims of infringement of the '788 patent against Top Brand and continued its campaign to prevent sales of a wide range of Top Brand products through Amazon.

## JURISDICTION AND VENUE

26. Top Brand brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, to obtain a declaration of non-infringement and invalidity with respect to the '788 Patent.

27. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the original subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

28. Defendants sell Cozy Comfort products in Illinois through on-line retailers and at Costco and Bed Bath & Beyond stores in the Chicagoland area.

29. This Court has personal jurisdiction over each of the Defendants at least because Brian and Michael are members of Cozy Comfort and use Cozy Comfort to assert the '788 patent and to engage and maintain continuous and systematic contacts with the state of Illinois, including conducting of substantial and regular business therein through marketing and sales of products purportedly covered by the '788 patent including but not limited to "the Comfy" through at least [www.thecomfy.com](www.thecomfy.com).

30. Based on Cozy Comfort's actions there exists an actual substantial controversy between the parties with adverse legal interests such immediacy and existence so to warrant a declaratory judgment.

31. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred in this District and at least because Defendants have sufficient contacts with this district for personal jurisdiction.

32. Further, this court has supplemental jurisdiction over Top Brand's state law claims pursuant to 28 U.S.C. § 1367(a).

33. This Court has personal jurisdiction over Defendants because Defendants, each of them, transacted business within the state of Illinois and committed tortious acts directed to this District and Top Brand's claims arise from those activities.

**GENERAL ALLEGATIONS**

34. Top Brand is a clothing provider that sells a variety of different clothing through various retail outlets including Amazon.com.

35. One of Top Brand's clothing products is a large sweatshirt, referred to by Top Brands as the Tirrinia® Hoodie. (A true and correct photograph of said Hoodie is attached as

Exhibit C).

36. The Tirrinia® Hoodie is available in a variety of colors, shapes and sizes, though the structure of each is essentially the same regardless of color.

37. Top Brand also sells a variety of other products including:

   a. clothing for infants, children and adults;

   b. bed blankets and baby bedding;

   c. bags for carrying baby accessories.

38. Cozy Comfort purports to be the owner of the '788 patent titled ENLARGED OVER-GARMENT WITH AN ELEVATED MARSUPIAL POCKET.

39. Brian Speciale purports to be a co-inventor of the '788 patent

40. Michael Speciale purports to be a co-inventor of the '788 patent.

41. Brian Speciale and Michael Speciale are the moving, active, conscious force behind the actions of Defendant Cozy Comfort.

42. Defendants, collectively by and through Cozy Comfort, have accused Top Brand products of infringing the '788 patent.

43. Defendants have used the '788 patent to prevent Top Brand from selling its products on Amazon.com.

44. Cozy Comfort actions have resulted in Amazon.com removing listings of Top Brand products from sale on the Amazon.com website.

45. Upon analyzing the '788 patent and comparing it to Top Brand products, it is clear that Top Brand products do not infringe the '788 patent.

46. Top Brand products exhibit a number of distinguishing characteristics and design elements that establish that they are distinct from what is claimed by the '788 patent.

47. For example, the hood shape of Top Brand products and the '788 patent is different and would be perceived as distinct in the eyes of an ordinary observer.

48. For example, the hemline shape of Top Brand products and the '788 patent is different and would be perceived as distinct in the eyes of an ordinary observer.

49. For example, the pocket shape of Top Brand products and the '788 patent is different and would be perceived as distinct in the eyes of an ordinary observer.

50. Defendants' conduct has and continues to cause harm to Top Brand through Defendants' use of the '788 patent to interfere with Top Brand's sales of its products.

51. Defendants' conduct and accusations of infringement raise an actual case or controversy between the parties.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged, not only by the prevention of the sale of fleece hooded garments, but unrelated products such as blankets, bedding and bags.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement)**

53. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

54. As a result of the acts set forth in the paragraphs above, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

55. A judicial declaration is necessary and appropriate so that Top Brand may definitively establish its rights with respect to the sale of its products in view of the '788 patent.

56. Such a determination is further necessary to bar Defendants from continuing to misuse its patent though assertions of infringement by Top Brands to third-party retailers (such as Amazon.com) and convincing such third-party retailers to remove Top Brand's products.

57. On information and belief, Defendants knew or should have known that Top Brand's products do not infringe the '788 patent.

58. However, Defendants intentionally approached third-parties just prior to the holiday retail selling season, and specifically just prior to 2019 Black Friday, and filed complaints to remove Top Brand's products even though those products did not infringe.

59. The complaints filed by Cozy Comfort with Amazon continue despite Defendants being advised and informed that Plaintiffs' products do not infringe the '788.

60. Defendant's conduct was egregious and exemplified Defendants' unilaterally and improperly expanding the scope of its patent to misuse '788 patent against Top Brand.

61. Defendants' conduct make this case and exceptional case, entitling Top Brand to an award of its fees and costs.

62. Top Brand is entitled to a declaratory judgment that it has not infringed and does not infringe, directly, indirectly, or contributorily any valid and enforceable claim of the '788 patent.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity)**

63. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

64. The '788 patent includes a single claim to the ornamental design for an enlarged over-garment with an elevated marsupial pocket, as shown and described in the '788 patent.

65. On information and belief, garments exhibiting the same features as those disclosed and claimed by the '788 patent were on sale, sold, or described in printed publications prior to the priority date of the '788 patent rendering the '788 patent invalid under one or more of 35 U.S.C 102, 103.

66. Additionally, or in the alternative, the drawings of the '788 patent are indefinite.

67. Only solid lines may be used to identify the subject matter of the design.

68. Dashed (or broken) lines cannot form the subject matter of the design.

69. Many of the drawings in the '788 Patent include lines that at some points appear to be solid, but at other points appear to be dashed (or broken) lines.

70. Due to the indefinite nature of the drawings, it is not possible to discern the proper scope of the ornamental design that is supposedly covered by the claim of the '788 patent.

71. The '788 patent is invalid under 35 U.S.C. § 112 at least for failing to distinctly set forth the subject matter of the invention.

72. Additionally, or in the alternative, the '788 patent is invalid under 35 U.S.C. § 171 because the design of the alleged invention is primarily functional rather than ornamental.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability)

73. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

74. The application that would mature into the '788 patent was filed on September 13, 2017.

75. The Patent Office did not issue a notice of allowance in the application that would mature into the '788 patent until June 5, 2019.

76. During the prosecution of the application that would mature into the '788 patent, the Defendants filed a single Information Disclosure Statement.

77. On September 13, 2018, Defendant's filed a utility patent application (U.S. Patent Application No. 16/130,502, "the '502 application") that included identical figures to those

figures contained in the '788 patent.

78. During the prosecution of the '502 application, Defendants filed and Information Disclosure Statement that was limited to disclosing the same references as were disclosed in the Information Disclosure Statement that they filed in the '788 patent.

79. During the prosecution of the '502 application, and at a time when the application that would mature into the '788 patent was still pending, the Patent Examiner identified a number of prior art references other than those references listed by the Defendants on their Information Disclosure Statements.

80. Rather than disclosing the existence of the new prior art references in the '788 patent through the filing of another Information Disclosure Statement, Defendant's chose to hide those references from the Examiner.

81. The Defendants knew or should have known that the references identified in the prosecution of the '502 application were relevant and material to the patentability of the claim of the '788 patent.

82. At least by choosing not to disclose the prior art to the Examiner of the application that would mature into the '788 patent, Defendants breached their duty of candor to the Patent Office and engaged in inequitable conduct that renders the '788 unenforceable.

83. Top Brand is entitled to a declaratory judgment that the '788 patent is unenforceable due to inequitable conduct.

## FOURTH CLAIM FOR RELIEF
### (False Marking)

84. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

85. It is a violation of 35 U.S.C § 292 to affix or use in advertising in connection with

an article any words that imply that the article is covered by a patent when it is not.

86. At all times relevant, Defendants owned and operate the website www.thecomfy.com. (the "Website").

87. Products offered on the Website include *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids*.

88. The Website further states: "*The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids U.S. Patent Nos. D859788….*"

89. Through the Website, Defendants imply that *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* are covered by the '788 patent.

90. One or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* do not exhibit the ornamental design that is within the scope of the claim of the '788 patent.

91. For example, the shape of the hood exhibited by one or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* do not exhibit the ornamental design that is within the scope of the claim of the '788 patent.

92. For example, the shape of the arms exhibited by one or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* do not exhibit the ornamental design that is within the scope of the claim of the '788 patent.

93. For example, the shape of the pocket exhibited by one or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* do not exhibit the ornamental design that is within the scope of the claim of the '788 patent.

94. For example, the overall combined appearance of features of one or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* do not exhibit the ornamental design that is within the scope of the claim of the '788 patent.

95. Plaintiff has suffered a competitive injury and been damaged by Defendants' assertions that one or more of *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* are covered by the '788 patent.

96. Plaintiff is entitled to damages pursuant to 35 U.S.C. 292(b) to compensate for its injury.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition under 810 ILCS 510)

97. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

98. It is a violation of 810 ILCS 510/2 when, among other things, a person engages in a deceptive trade practice through, in the course of business, disparaging the goods, services, or business of another by making a false or misleading representation of fact.

99. Defendants made false or misleading statements of fact to at least the online retailer Amazon.

100. For example, Defendants represented to Amazon that Plaintiffs' products infringed the '788 patent when those products did not.

101. Defendants made such representations willfully and with knowledge that they were false or misleading.

102. Plaintiffs provided Defendants with a detailed explanation of why their products did not infringe the '788 patent, yet Defendants willfully ignored such bases of noninfringement in making further bad faith claims of infringement to third parties such as Amazon.

103. Plaintiffs have been damaged by Defendants' representations at least insofar as Plaintiffs have been prevented from selling their products on Amazon.com.

104. Plaintiffs are entitled to injunctive relief, damages, costs, and attorney's fees.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference with Contract)

105. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

106. Prior to November of 2019, Top Brand had a contract with Amazon whereby Top Brand was permitted to sell its products on Amazon.com in exchange for a fee per sale.

107. The contract was valid and enforceable.

108. Defendant was aware of the contract because Defendant also sold on Amazon.com and therefore knew what was required of sellers like Top Brand that sold product on Amazon.com.

109. Defendant willfully and intentionally induced Amazon to breach its contract with Top Brand and prevent Top Brand from selling its products on Amazon.com by making false claims of patent infringement against Top Brand.

110. Defendants' actively persuaded and encouraged Amazon to prohibit Top Brand from selling its products on Amazon.com by filing a complaint with Amazon.com alleging that Top Brands was infringing the '788 patent.

111. Plaintiffs provided Defendants with a detailed explanation of why their products did not infringe the '788 patent, yet Defendants willfully ignored such bases of noninfringement in making further bad faith claims of infringement to third parties such as Amazon.

112. Amazon did breach its contract and prevent Top Brand from selling its products on Amazon.com due to Defendants' wrongful conduct.

113. Top Brand has suffered damages as a result of Defendants' wrongful conduct at least insofar as it has been prevented from selling products through Amazon.com and has lost sales because of Defendants' tortious actions.

## SEVENTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Economic Advantage)

114. Top Brand realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

115. Prior to November of 2019, Top Brand had a business relationship with Amazon whereby Top Brand was permitted to sell its products on Amazon.com in exchange for a fee per sale.

116. Top Brands reasonably expected that it would continue to sell its products through Amazon.com.

117. Defendant was aware of the relationship because Defendant contacted Amazon about Top Brand's products being sold on Amazon.com and therefore knew that Top Brand expected to continue to sell its products on Amazon.com.

118. Defendant willfully, intentionally, and unjustifiably induced Amazon to terminate the business relationship and Top Brand's expectancy and prevent Top Brand from selling its products on Amazon.com by making false claims of patent infringement against Top Brand.

119. Defendants' actively persuaded and encouraged Amazon to prohibit Top Brand from selling its products on Amazon.com by filing a complaint with Amazon.com alleging that Top Brands was infringing the '788 patent.

120. Plaintiffs provided Defendants with a detailed explanation of why their products did not infringe the '788 patent, yet Defendants willfully ignored such bases of noninfringement in making further bad faith claims of infringement to third parties such as Amazon.

121. Amazon did terminate its business relationship with Top Brand prevent Top Brand from selling its products on Amazon.com due to Defendants' wrongful conduct.

122. Top Brand has suffered damages as a result of Defendants' wrongful conduct at

least insofar as it has been prevented from selling products through Amazon.com and has lost sales because of Defendants' tortious actions.

**PRAYER FOR RELIEF**

WHEREFORE, Top Brand respectfully prays for this Court to enter an Order granting the following relief on the claims in suit and against Cozy Comfort, Brian Speciale, and Michael Speciale, jointly and severally:

1. A declaration that Top Brand products do not infringed, either directly, indirectly, or contributorily any valid and enforceable claim of the '788 patent;

2. A declaration that the claim of the '788 patent is invalid;

3. A declaration that the '788 patent is void and unenforceable;

4. An order declaring that Top Brand is a prevailing party and that this is an exceptional case, awarding Top Brand its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285;

5. An order awarding Top Brand damages for the injury it suffered due to Defendants' mismarking;

6. That Defendants, jointly, severally and all those acting in concert or participation with them be permanently enjoined from contacting third-parties to remove Top Brand's products as infringing the '788 patent;

7. An order awarding Top Brand damages adequate to compensate Top Brand for Defendants' tortious acts;

8. An order awarding Top Brand punitive damages due to Defendants' willful and wanton misconduct;

9. That Top Brand be granted such other and additional and equitable relief as the

Court deems just and proper.

## JURY DEMAND

Top Brand demands a trial by jury on all issues so triable.

Respectfully submitted,

TOP BRAND LLC & SKY CREATIONS LLC


  __/s/ Christopher W. Niro_____
William L. Niro
Christopher W. Niro
M. Chip De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
wniro@agdglaw.com
cniro@agdglaw.com
mdepreter@agdglaw.com


**Attorneys for Plaintiffs,**
**TOP BRAND LLC and SKY CREATIONS LLC**