IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOP BRAND LLC, SKY CREATIONS, LLC, E STAR LLC, and FLYING STAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COZY COMFORT COMPANY LLC, BRIAN SPECIALE, and MICHAEL SPECIALE,<br><br>Defendants. | Case No. 1:20-cv-01238<br><br>Honorable Rebecca R. Pallmeyer |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO TRANSFER THIS ACTION TO ARIZONA**

Defendants Cozy Comfort Company LLC, Brian Speciale, and Michael Special (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint ("FAC") and to Transfer this Action to Arizona. Specifically, Defendants seek dismissal, under Rule 12(b)(6), of the Fourth Claim for Relief (False Marking) for failure to state a claim. Second, Defendants seek to transfer this action to the United States District Court for the District of Arizona where jurisdiction and venue are proper, and for convenience to the parties and witnesses. If the Court declines to transfer the case to Arizona, Defendants seek dismissal of this case pursuant to Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.

### I.     BACKGROUND

Defendants Brian and Michael Speciale are brothers who reside in Arizona. (Declaration of Michael Speciale ("Speciale Decl.") at ¶ 2). Together, Brian and Michael invented the design for a wearable blanket over garment, which they coined "The Comfy." (*Id.* at ¶ 3). They co-founded Cozy Comfort Company LLC ("Cozy") in order to market and sell The Comfy and other related products. (*Id.* at ¶ 6). They filed patent applications and were granted multiple valid, enforceable patents to protect their inventions, including U.S. Design Patent No. D859,788 (the "'788 Patent"). (*Id.* at ¶ 4). All of Cozy's business operations are directed from Arizona (*See Id*. at ¶¶ 1–9). On Cozy's website, thecomfy.com, Cozy advertises its various Comfy products, including the Original, the Dream (Lite), the Hoodie, and the Original Jr (Kids), and provides virtual patent markings for the same. (*Id.* at ¶¶ 5, 15–19, Exs. A–D; *id*. at ¶ 20).

In May 2017, Brian and Michael auditioned for the nationally broadcast television show, "Shark Tank" to solicit funding for their nascent business. (*Id.* at ¶ 6). Given Brian and Michael's appearance on "Shark Tank," along with their relentless marketing efforts, sales of The Comfy ramped up quickly. (*Id.* at ¶ 7). Due to the innovative design, and as a creator of a

new market segment, Cozy enjoyed rapid growth. (*Id.* at ¶ 8). Unfortunately, knock-offs and cheap imitations of Cozy's patented products soon began appearing on the market. (*Id.*). Many of these imitation products were, and continue to be, sold on Amazon.com. (*Id.*). To address this theft of its intellectual property, Cozy routinely submits notices through Amazon's Brand Registry system, identifying products listed for sale on Amazon.com which Cozy believes infringe its patents. (*Id.* at ¶ 9). Cozy has identified Top Brand and E Star as selling infringing products. (*Id.* at ¶ 10).

Amazon's Brand Registry system only removes listings if Amazon determines infringement exists based on their own independent analysis. (*Id.* at ¶ 11). Cozy submitted notices identifying Top Brand and E Star listings and Amazon determined that the listed products infringed Cozy's patent and removed the infringing listings. (*Id.*). In November 2019, Top Brand's Los Angeles, California-based attorneys reached out to Cozy regarding the removal of its listings on Amazon. (*Id.* at ¶ 12). Cozy's attorneys engaged Top Brand's counsel in licensing discussions, but Top Brand failed to substantively respond to Cozy's proposals. (*Id.*). The licensing discussions ceased, and thereafter Plaintiffs filed this action for declaratory relief in an attempt to improperly secure venue in Illinois. However, Defendants have no relevant ties whatsoever to the Northern District of Illinois and this Action should be moved to Arizona.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM FOR FALSE PATENT MARKING AND THIS CLAIM MUST BE DISMISSED UNDER RULE 12(b)(6)

Plaintiffs filed their FAC in response to Defendants first motion to transfer (Dkt. 20), however, despite adding allegations directed at their false marking claim, Plaintiffs' claim still fails to meet the pleading requirements of Rules 12(b)(6) and 9(b).

### A.     Legal Standards

#### 1.     Dismissal under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for the "failure to state a claim upon which relief can be granted." In patent cases, the standards applicable to motions under Rule 12(b)(6) are those articulated by the regional Court of Appeals rather than any uniform standard set by the Federal Circuit. *Atlas IP, LLC v. Exelon Corp.*, 189 F.Supp.3d 768, 771 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). District courts are to accept as true all of the plaintiff's well-pleaded factual allegations and to view them in the light most favorable to it as the non-moving party. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). But, "legal conclusions or conclusory allegations that merely recite a claim's elements" are not entitled to any presumption of truth. *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012).

"In the past decade the Supreme Court made an important change in the evaluation of Rule 12(b)(6) motions via what this Court regularly refers to as the "*Twombly–Iqbal* canon," a usage drawn from *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), as more finely tuned in *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))." *Atlas IP*, 189 F. Supp. 3d at 771. The *Twombly-Iqbal* canon requires that claimants "must give enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Allegations that are merely consistent with, rather than suggestive of, an entitlement to relief, especially in the face of an obvious alternative explanation, fail that test. *Id.*

#### 2.     False Patent marking must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure

The FAC alleges false marking under 35 U.S.C. § 292. The elements of false marking

are: (a) that a party marked an unpatented product with a word or number indicating that the product was patented; (b) that the marking was done "for the purpose of deceiving the public"; and (c) that the party asserting the claim "has suffered a competitive injury as a result of a violation" of § 292. 35 U.S.C. § 292(a).

False marking under 35 U.S.C. § 292, however, must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). "Rule 9(b) requires a plaintiff to plead in detail the specific who, what, when, where and how of the alleged fraud." *Id*. (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)); see also *Juniper Networks, Inc. v. Shipley,* 643 F.3d 1346, 1350 (Fed. Cir. 2011). "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that defendant engaged in more than negligent action." *In re BP Lubricant*s, 637 F.3d at 1311.

"[A] pleading that simply avers the substantive elements of a claim sounding in fraud or mistake, without setting forth the particularized factual basis for the allegations, does not satisfy Rule 9(b)." *Id.* (citing *Exergen*, 575 F.3d at 1326-27). The pleading must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *In re BP Lubricants*, 637 F.3d at 1311. Courts have recognized the difficulty in adequately pleading pursuant to Rule 9(b). *See*, *e.g.*, *Herengracht Grp. LLC v. WM. Wrigley Jr. Co.*, No. 10-21784-CIV, 2011 WL 13174744, at *6 (S.D. Fla. 2011) (collecting cases and providing that "an independent review of the cases since the Federal Circuit's opinion in *BP Lubricants*, [] reveals that over 40 motions to dismiss Section 292 claims have been granted, whereas only 5 have been denied."); *see also Simonian v. BP Lubricants USA Inc.*, No. 10 C

1258, 2011 WL 4007677, at *6 (N.D. Ill. 2011) (dismissing an amended complaint for false marking because, despite plaintiff's full awareness, the pleading still failed to satisfy the standard articulated by the Federal Circuit).

### B. Plaintiffs' Fourth Count for Relief (False Marking) Must be Dismissed Because it is Inadequately Pleaded

Plaintiffs' false marking claim does not meet the standard of Rule 9(b) because Plaintiffs do not plead, with particularity, facts that are sufficient to support a conclusion that § 292 has been violated. Plaintiffs simply aver the substantive elements of a § 292 claim without setting forth sufficient underlying facts from which this Court may reasonably infer that Defendants acted with the requisite intent to deceive. *Id.*; (*see* Dkt. 26, FAC ¶¶ 138–166). Plaintiffs fail to do so because there are no such facts to plead. (Speciale Decl. at ¶ 20).

It is telling that Plaintiffs did not include images of the various Comfy products as supporting exhibits to the FAC, or include an analysis as they did for their Tirrinia Hoodie product. (Dkt. 26, FAC ¶¶ 61–66). Rather, Plaintiffs have only offered legal conclusions and conclusory allegations that merely recite the required elements, including their simple assertion of competitive injury. (Dkt. 26, FAC ¶¶ 138–166). These allegations are not entitled to any presumption of truth and do not satisfy the *Twombly–Iqbal* canon. *See Munson*, 673 F.3d at 632; *see also Norix Grp., Inc. v. Corr. Techs., Inc.*, No. 17-CV-07914, 2018 WL 3729324, at *5 (N.D. Ill. 2018) (dismissing false marking claim because the plaintiff failed "to provide specific allegations supporting an actual competitive injury."). It appears that Plaintiffs have included the false marking claim in an attempt to improperly secure venue in Illinois, which is otherwise lacking, as detailed in the section below.

Further, the determination of whether a particular design is covered by a design patent is accomplished through the "ordinary observer test" described by the Federal Circuit in *Egyptian*

-6-

*Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc). "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Id.* Slight differences in design will not destroy substantial identity. *Egyptian Goddess*, 543 F.3d at 670 (citing *Gorham Mfg. Co. v. White*, 81 U.S. 511, 526-27 (1871)). Moreover, the court cautioned that the test is not whether the designs were identical in the eye of an expert. *Id.* (citing *Gorham*, 81 U.S. at 527). Rather, two designs are the same, for purposes of evaluating patent coverage, if the differences between them are so slight that "in the market and with purchasers they would pass for the same thing." *Id.* (citing *Gorham*, 81 U.S. at 531).

Plaintiffs have not pleaded facts sufficient to establish that under the "ordinary observer test" Defendants' products are not covered by their design patent. Plaintiffs have recited only three alleged slight differences between the patent claim and Defendants' products, and again, merely allege legal conclusions that the Comfy products "would be viewed as not being covered by the claim of the '788 patent in the eyes of the ordinary observer." (Dkt. 26, FAC ¶ 153). Merely alleging minor differences between the designs, as Plaintiffs have done here, is not sufficient to establish a claim that the '788 design Patent does not cover Defendants' products. *Egyptian Goddess*, 543 F.3d at 670.

To satisfy Rule 9(b) and the *Twombly-Iqbal* canon, Plaintiffs must allege particular facts that are sufficient to support a conclusion the Defendants falsely marked the Comfy products, and had the required deceptive intent. *See McCauley,* 671 F.3d at 616. This they have not done. Accordingly, for the foregoing reasons, this Court should dismiss the False Marking Claim.

### III. <u>TRANSFER OF THIS ACTION TO THE DISTRICT OF ARIZONA IS PROPER</u>

Plaintiffs' FAC adds two new plaintiffs, E Star and Flying Star, and provides additional

allegations directed at Defendants' sales and business transactions in Illinois. (*See* Dkt. 26, FAC at ¶¶ 137–167). However, even with these new parties and allegations, personal jurisdiction is still lacking, and the interests of justice favor a transfer to Arizona.

### A. THIS ACTION SHOULD BE TRANSFERRED TO ARIZONA OR DISMISSED FOR LACK OF JURISDICTION

#### 1. Legal Standard

The question of whether this Court has personal jurisdiction over Defendants in this patent declaratory judgment action is governed by the law of the Federal Circuit.[1] *Hilderbrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) ("[W]e apply Federal Circuit law to personal jurisdiction inquires over out-of-state patentees as declaratory judgment defendants."); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2796 (2009).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics,* 566 F.3d at 1017, *quoting from Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). However, because Illinois's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process. *Sitrick v. Freehand Sys., Inc.,* No. 02 C 1568, 2004 WL 2191491 at *1 (N.D. Ill. September 27, 2004); *Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998).

Personal jurisdiction may be established in one of two ways: general and specific

---

[1] To the extent Plaintiffs rely on their false marking claim (Dkt. 26, FAC at ¶¶ 137–167, Fourth Claim for Relief) to establish personal jurisdiction, this claim is inadequately pleaded and should be dismissed under Rules 12(b)(6) and 9(b), as detailed in Section II, above.

personal jurisdiction. General jurisdiction requires that the defendant have "continuous and systematic" contacts with the forum state, and confers personal jurisdiction even when the cause of action has no relationship with those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Autogenomics,* 566 F.3d at 1017-18. Specific jurisdiction, on the other hand, must be based on sufficient minimum contacts with the forum, and the asserted claims must arise out of those minimum contacts. *Id*.

### 2. Defendants are Not Subject to General Jurisdiction in Illinois

Absent exceptional circumstances, general jurisdiction exists only in a forum where the defendant is incorporated or has its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.") (citing *Int'l Shoe Co. v. State of Wash.* 326 U.S. 310 (1945)). Sales and marketing efforts are not exceptional circumstances that qualify as continuous and systematic contact. *Id.* For example, in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Court held that California courts could not exercise general jurisdiction over a defendant that was not incorporated in California and did not have its principal place of business in that state, even though the defendant's subsidiary had multiple facilities/offices in California, was the largest supplier of luxury vehicles there, and had $4.6 billion in California-based sales. *Id.* at 126–136.

Similarly, here, general jurisdiction does not exist over Defendants in Illinois. Defendant Cozy is neither incorporated nor has its principal place of business in Illinois, and the FAC fails to allege any exceptional circumstances that render Defendants essentially at home Illinois, thus subjecting them to general jurisdiction. (*See* Dkt. 26, FAC at ¶35). For the foregoing reasons, Defendants are not subject to general jurisdiction in Illinois.

### 3. Defendants are Not Subject to Specific Jurisdiction in Illinois

Where a defendant is not subject to general personal jurisdiction in the forum state, a district court may nonetheless exercise specific personal jurisdiction over the defendant, subject to a three-part test: (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) assertion of personal jurisdiction is reasonable and fair. *Autogenomics,* 566 F.3d at 1018.

Under the second factor, the contacts that may be considered are limited to those contacts giving rise to the claim. Any contacts that a defendant has with the forum state that did not give rise to the asserted claim may not be considered in the minimum contacts analysis. *Id.* at 1017-21; *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (citing *Avocent*, 552 F.3d at 1336) ("A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent.").

Thus, a patent owner's sale of products in a particular forum "do not constitute such other activities as will support a claim of specific personal jurisdiction over a defendant patentee" in a declaratory judgment action. *Avocent*, 552 F.3d at 1336 (internal quotation marks omitted); *see also Etekcity Corp. v. Devine LEDS Ltd.*, No. SACV 19-1246-PSG-ASX, 2019 WL 7945607, at *4 (C.D. Cal., 2019) (internal quotations and citations omitted); ("Sales are inconsequential to whether courts have jurisdiction in these cases because what the patentee makes, uses, offers to sell, sells, or imports is of no real relevance to the enforcement or defense of a patent, because the federal patent laws do not create any affirmative right to make, use, or sell anything.").

Further, under Federal Circuit law, a patent owner may inform another party of his patent rights without subjecting the patent owner to personal jurisdiction in the other party's forum. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998); *Hilderbrand* 279

F.3d at 1356 ("Fairness and reasonableness demand that a patentee be free to inform a party who happens to be located in a particular forum of suspected infringement without the risk of being subjected to a lawsuit in that forum.").In the FAC, Plaintiffs allege that Defendants have contact with Illinois through the sale of their products. (*See* Dkt. 26, FAC at ¶¶ 35–39). However, these alleged sales have no bearing on Plaintiffs' claims of non-infringement and invalidity. *Avocent*, 552 F.3d at 1336.

The allegations directed at Defendants' Amazon enforcement efforts also do not provide a basis for personal jurisdiction for Plaintiffs' non-infringement, invalidity, unenforceability claims, or their Illinois state law claims. (Dkt. 26, FAC at ¶¶ 105–136; 168–232, First, Second, Third, Fifth, Sixth, and Seventh Claims for Relief). Defendants submitted notices of infringement though Amazon's Brand Registry online system, which is located in Washington State. (Speciale Decl. at ¶ 9). If anything, the submission constitutes contact with Washington, not Illinois, and even then, the submission itself would not be sufficient to subject Defendants to specific personal jurisdiction in Washington. *Red Wing Shoe Co.*, 148 F.3d at 1360-61; *Etekcity*, 2019 WL 7945607, at *3 ("Further, even if an infringement letter sufficed under Federal Circuit law, Plaintiff sent the letter to Amazon, located in Seattle, Washington, rather than to Plaintiff in California, which would make the letter a contact with Washington.").

Plaintiffs' state law claims fail to allege facts showing that Defendants purposefully directed activities at residents of Illinois. Plaintiffs do not allege that Defendants contacted any of them, or any of their resellers/customers, in Illinois. (*See* Dkt. 26, FAC, generally). Additionally, Defendants' Amazon infringement notices were directed at Top Brand and E Star, which are both California limited liability companies with their principal place of business in Carson, California. (Id. at ¶¶ 7, 9). *See also Maxchief*, 909 F.3d at 1141 (holding that the district

court lacked personal jurisdiction over both the declaratory judgement and tortious interference claims: "Maxchief's complaint refers to 'The Coleman Company, Inc. of Wichita, Kansas,' … [t]hus, Wok's letter alleging infringement by Coleman is properly considered a contact with Kansas, not Tennessee.").

For the foregoing reasons, Defendants are not subject to specific jurisdiction in Illinois, and this case should be transferred to the District of Arizona, or dismissed for lack of personal jurisdiction.

**B.     THIS ACTION SHOULD BE TRANSFERRED TO ARIZONA OR DISMISSED FOR IMPROPER VENUE**

The FAC alleges that, "Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c)." (Dkt. 26, FAC at ¶ 43). Section 1391(b)(1) permits venue in a judicial district where any defendant resides, but only if all defendants reside in the same State. Under 28 U.S.C. § 1391(c), a defendant corporation is not deemed to reside in a judicial district if it is not "subject to personal jurisdiction at the time the action is commenced." As shown above, Plaintiffs have failed to meet their burden of establishing personal jurisdiction as to all Defendants when this lawsuit was filed. If personal jurisdiction is absent as to all Defendants, then they did not "reside" in Illinois within the meaning of Section 1391(b)(1). This is fatal to venue under Section 1391(b)(1), because that provision is available only if all defendants reside in the same forum.

Section 1391(b)(2) permits venue in a district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." As described in the above section regarding personal jurisdiction, none of the events giving rise to Plaintiffs' claims of non-infringement and invalidity occurred in the Northern District of Illinois. Further, Defendants' '788 Patent was prosecuted from Arizona, and all of the records relating to the patent property are located in Arizona. (Speciale Decl. at ¶ 4).

Therefore, Section 1391(b)(2) does not provide a basis for venue in Illinois.

Section 1391(b)(3) is only available if there is no district anywhere in the United States in which venue would have been proper. Venue is at proper in at least in Arizona, and therefore, Section 1391(b)(3) is inapplicable here, and does not provide a basis for venue in Illinois.

### C. THIS ACTION SHOULD BE TRANSFERRED TO ARIZONA IN THE INTERESTS OF JUSTICE

#### 1. Change of Venue Pursuant to 28 U.S.C. §1406(a)

If venue is not proper in this district, then, "in the interest of justice," a transfer may be ordered pursuant to 28 U.S.C. §1406(a). As shown in the Sections above, this Court lacks personal jurisdiction over Defendants and venue is not proper in this district. As venue is not proper in this district, this court may order a transfer, and justice favors a transfer to Arizona.

#### 2. Change of Venue Pursuant to 28 U.S.C. §1404(a)

Even when a case is properly venued, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*citing Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 27 (1960)). To this end, § 1404(a) "empowers a district court to transfer 'any civil action' to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice." *Van Dusen*, 376 U.S. 612 at 616 (internal footnote omitted).

The inquiry on a motion to transfer under 28 U.S.C. § 1404(a) is not whether one venue or another would be the *best* venue, but whether there is a venue that is more convenient. *Id.* In

determining whether a forum is more convenient and whether a transfer would be in the interest of justice under 28 U.S.C. § 1404(a), the court must consider the private interests of the parties as well as the public interest of the courts. *N. Shore Gas Co. v. Salomon, Inc*., 896 F. Supp. 786, 791 (N.D. Ill. 1995). Factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). Factors relevant to the public interest of the court include concerns relating to the efficient administration of justice. *Id*. at 1056.

### 3. The Parties' Private Interests Weigh in Favor of Transfer

"In normal instances, ... a certain deference is due to the plaintiff's choice of forum with respect to convenience." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). "In the case of a declaratory judgment action, however, that principle has less force." *Id*. But for the Plaintiffs' preemptive filing here in Illinois seeking a declaratory judgment, this would be in all respects Defendants' suit to bring in Arizona. According to the Seventh Circuit, Defendants would have been entitled to file whenever they wanted, wherever they wanted. *Hyatt Int'l*, 302 F.3d at 718. The Seventh Circuit has "expressed wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the natural plaintiff." *Id*. (citation and internal quotes omitted); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) ("[A] a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way."). Thus, little deference should be given to the Plaintiffs' choice of forum here.

The other factors relevant to the parties' private interests weigh in favor of a transfer to Arizona. The material events alleged in the FAC took place in Arizona. Defendants' submissions to Amazon.com, identifying products as infringing on the '788 Patent originated from Arizona.

-14-

(Speciale Decl. at ¶ 9). Brian and Michael Speciale reside in Arizona, and invented their "Comfy" product, which practices the '788 Patent, in Arizona. (*Id.* at ¶¶ 2-4). Defendants' patent attorney, Thomas Galvani, practices and resides in Arizona. (*Id.* at ¶ 4). The Defendants direct the operation of their website, www.thecomfy.com, from Arizona, including providing the virtual marking of the products associated with the '788 Patent. (*Id.* at ¶ 5).

Arizona will be more convenient for the parties and witnesses. First, the District of Arizona has personal jurisdiction over all of the Defendants. Defendant Cozy Comfort Company LLC is a company organized under the laws of Arizona with its principal place of business in Cave Creek, AZ. Individually-named Defendants Brian and Michael Speciale are both residents of Arizona. Arizona is the center of gravity for this case and is where most of the witnesses and evidence are located. Two out of the four plaintiffs are California limited liability companies with their principal places of business in Carson, California. (Dkt. 26, FAC at ¶¶ 7, 9). Travel to the neighboring state of Arizona for Top Brand and E Star employees would be significantly more convenient than being required to attend trial or hearings in Chicago, Illinois.

Plaintiffs' primary alleged connections to Illinois seem to be intellectual property licenses between plaintiff Sky Creations and two other co-plaintiffs. (Dkt. 26, FAC at ¶¶ 13–16). Notably, the FAC fails to detail how Sky Creations has been damaged, and presumably its role in this litigation will be minimal. Thus, for the above reasons, the parties' private interests weigh in favor of transfer to Arizona.

### 4. The Public Interest Factors Weigh in Favor of Transfer

Even if the private interest factors are neutral, the public interest factors may weigh strongly in favor of transfer where the case is being transferred from a district where personal jurisdiction is doubtful to a district where it is not. *Pfizer Inc. v. Apotex Inc*., Civil Action No. 08-cv-00948-LDD, 2009 WL 2843288, at *3 (D. Del. Aug. 13, 2009) ("Courts have routinely held

that both judicial economy and the interest of justice favor transfer where transferring a case would obviate a substantial question regarding personal jurisdiction."), *writ of mandamus denied*, 364 Fed. App'x 620 (Fed. Cir. 2010); *Creative Waste Mgmt., Inc. v. Capitol Envtl. Servs., Inc.*, No. 04-1060, 2004 WL 2384991 (E.D. Pa. Oct. 22, 2004) ("A transfer, obviating a jurisdictional difficulty, has been found to serve the interests of justice within the meaning of . . . 1404(a).") (citation omitted).

There is a substantial question regarding personal jurisdiction here, as described in detail above. The Arizona District Court has personal jurisdiction over Defendants. A transfer to Arizona would obviate this substantial question regarding personal jurisdiction. As the factors weigh in favor of transfer, this Court should order it so. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' claim for False Marking must be dismissed under Rules 12(b)(6) and 9(b). Furthermore, the remaining alleged claims in this action should be transferred to the District of Arizona pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), or alternatively, dismissed for lack of personal jurisdiction and improper venue.

Dated this 2nd day of July, 2020.                    Respectfully submitted,


                                                     */s/ Gregory P. Sitrick*
                                                     Christian G. Stahl, ARDC #6290825
                                                     Christian.stahl@quarles.com
                                                     QUARLES & BRADY LLP
                                                     300 N. LaSalle St., Suite 4000
                                                     Chicago, IL 60654
                                                     (312) 715-5000

                                                     Gregory P. Sitrick, ARDC #6279815
                                                     Gregory.sitrick@quarles.com
                                                     QUARLES & BRADY LLP
                                                     Renaissance One
                                                     Two North Central Avenue
                                                     Phoenix, AZ 85004-2391
                                                     (602) 229-5200

                                                     *Attorneys for Defendants, Cozy Comfort Company LLC, Brian Speciale, and Michael Speciale*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 2nd day of July, 2020, I caused the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO TRANSFER THIS ACTION TO ARIZONA to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

                                              */s/ Gregory P. Sitrick*
                                              Gregory P. Sitrick
                                              QUARLES & BRADY LLP
                                              Renaissance One
                                              Two North Central Avenue
                                              Phoenix, AZ 85004-2391
                                              (602) 229-5200