**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| TOP BRAND LLC, SKY CREATIONS, LLC, E STAR LLC, and FLYING STAR LLC <br><br> Plaintiffs, <br><br> v. <br><br> COZY COMFORT COMPANY LLC, BRIAN SPECIALE, and MICHAEL SPECIALE, <br><br> Defendants | Civil Action No.: 1:20-cv-01238 <br><br> JUDGE: Hon. Rebecca R. Pallmeyer |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO DISMISS COUNT IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT**
**AND TO TRANSFER THIS ACTION TO ARIZONA**

**Table of Contents**

I.     Introduction ................................................................................................................ 1

II.    The Standard of Review for Motions Brought Under Rule 12 of the Federal Rules of Civil Procedure ........................................................................................................ 2

III.   The Relevant Background Facts ............................................................................... 3

IV.   Defendant's Motion to Dismiss Should Be Denied ................................................. 5

   A.  Plaintiffs Fully Set Forth a Claim Under 35 U.S.C. § 292 ................................... 5

   B.  This Court Has Jurisdiction Over Defendants .................................................... 7

      1.  This Court Has Jurisdiction Due to Plaintiffs' §292 Claim ............................ 8

      2.  This Court Has Jurisdiction Due to Defendants' Contacts With Illinois ........................ 8

   C.  The Factors Weighed Under §1404 and §1406 Do No Favor Transfer ............................ 12

V.    Conclusion ............................................................................................................. 16

## Table of Authorities

**Cases**

AL & PO Corp. v. Am. Healthcare Capital, Inc.,
No. 14 C 1905, 2015 WL 738694 (N.D. Ill. Feb. 19, 2015) ........................... 13, 14, 15, 16

Amorose v. C.H. Robinson Worldwide, Inc.,
521 F.Supp.2d 731 (N.D. Ill. 2007) ........................................................... 15

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................ 2, 3

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,
134 S.Ct. 568, 581 (2013) ........................................................................ 13

be2 LLC v. Ivanov,
642 F.3d 555 (7th Cir. 2011) .................................................................... 8

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................................ 2

Bittman v. Fox,
No. 14 C 08191, 2016 WL 2851566 (N.D. Ill. May 16, 2016) .......................... 2

Burger King Corp. v. Rudzewicz,
471 U.S. 462, 105 S.Ct. 2174, (1985) ........................................................ 8

Coffey v. Van Dorn Iron Works,
796 F.2d 217 (7th Cir. 1986) .................................................................... 12

Coleman v. Supervalu, Inc. Short Term Disability Program,
920 F. Supp. 2d 901 (N.D. Ill. 2013) ........................................................ 2

Defender Sec. Co. v. First Mercury Ins. Co.,
803 F.3d 327 (7th Cir. 2015) .................................................................... 7

Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC,
2010 WL 4877708 (N.D. Ill. Nov. 23, 2010) ................................................ 11

Exergen Corp. v. Wal-Mart Stores, Inc.,
575 F.3d 1312 (Fed. Cir. 2009) ................................................................ 5

Felland v. Chilon,
682 F.3d 665 (7th Cir. 2012) .................................................................... 2, 7

Illinois v. Hemi Grp. LLC,
622 F.3d 754 (7th Cir. 2010) .................................................................... 8, 11

*In re BP Lubricants USA Inc.*,
   637 F.3d 1307 (Fed. Cir. 2011) ........................................................................ 5

*In re Hudson*,
   710 F.3d 716 (7th Cir. 2013) ......................................................................... 14

*In re Nat'l Presto Indus., Inc.*,
   347 F.3d 662 (7th Cir. 2003) ......................................................................... 15

*Ingram v. Page*,
   1999 WL 569565 (N.D. Ill. July 28, 1999) ...................................................... 11

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*,
   326 U.S. 310, 66 S. Ct. 154, 158 (1945) ........................................................... 8

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770, 104 S.Ct. 1473 (1984) ........................................................... 9, 10

*Li v. Illinois Dep't of Fin. & Prof'l Regulation*,
   No. 17 CV 2498, 2018 WL 1453551 (N.D. Ill. Mar. 23, 2018) ............................ 6

*Mann v. Vogel*,
   707 F.3d 872 (7th Cir. 2012) ........................................................................... 2

*Meade v. Moraine Valley Cmty. Coll.*,
   770 F.3d 680 (7th Cir. 2014) ........................................................................... 7

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007) ........................................................................... 10

*Phillips v. Prudential Ins. Co. of Am.*,
   714 F.3d 1017 (7th Cir. 2013) .......................................................................... 7

*Protective Ins. Co. v. Montgomery Tank Lines, Inc.*,
   1989 WL 84415 (N.D. Ill. July 19, 1989) ........................................................ 13

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
   338 F.3d 773 (7th Cir. 2003) ........................................................................... 7

*Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*,
   626 F.3d 973 (7th Cir. 2010) ......................................................................... 13

*Shakir Dev. & Const., LLC v. Flaherty & Collins Const., Inc.*,
   No. 11–cv–1116, 2011 WL 2470887 (N.D. Ill. June 21, 2011) .......................... 14

*Simonian v. Blistex, Inc.*,
   10-CV-012301, 2010 WL 4539450 (N.D.Il. Nov. 3, 2010) ................................. 6

iii

*Tamburo v. Dworkin,*
    601 F.3d 693 (7th Cir. 2010) ........................................................................... 8

*uBID, Inc. v. GoDaddy Grp., Inc.,*
    623 F.3d 421 (7th Cir. 2010) ................................................... 7, 8, 9, 10, 11

*Valtech, LLC v. 18th Ave. Toys Ltd.,*
    2015 WL 603854 (N.D. Ill. Feb. 12, 2015) ...................................................... 11

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) ......................................................................................... 12

**Other Authorities**

35 U.S.C. §292 ...................................................................................................... 8

735 Ill. Comp. Stat. 5/2–209(c) ........................................................................... 8

Fed. R. Civ. P. 12(b)(2) ......................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 2

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................... 7

I.      **Introduction**

Defendants' motion to dismiss does little more than dispute the factual allegations set forth in Plaintiffs' First Amended Complaint (Dkt. 26, hereinafter "the Complaint").   Such arguments are self-defeating and inappropriate in a Rule 12 Motion.    At this stage, the Court must take all of Plaintiffs' well-pleaded facts as true.  Contrary to Defendants' arguments, the Complaint, which was amended to specially address the claimed pleading deficiencies that Defendants raised in its initial motion (Dkt. 21) sufficiently sets forth a claim upon with relief under 35 U.S.C. §292 may be granted.  Indeed, Plaintiffs' Complaint is replete with facts that support that claims averred by Plaintiffs.  There is no basis to dismiss any of Plaintiffs' claims.

Additionally, Defendants' motion to transfer merely seeks to swap Defendants' alleged personal inconvenience for Plaintiffs' inconvenience.  That is no basis for transferring this case from Plaintiffs' chosen forum.  Indeed, Defendants fail to identify even a single third party witness that would support a transfer.  All Defendants point to are a few patent files—the location of which is wholly irrelevant—and the fact that Arizona is the Defendants' home turf.

Defendants have been happy to sit back and lodge interfering complaint after interfering complaint with Amazon.com as an effective bar to Plaintiffs' sales of competing products.  But now that its tortious conduct has been called out, it seeks to undue Plaintiffs' right to choose the forum in which they seek redress for the extensive damage they have suffered due to Defendants' illegal and tortious acts.

Defendants' motion to dismiss or transfer should be dismissed in its entirety.  This case should proceed forthwith in Illinois.

## II.     The Standard of Review for Motions Brought Under Rule 12 of the Federal Rules of Civil Procedure

Plaintiffs purport to move the court to dismiss Count 4 (Patent false marking) under Rule 12(b)(6), and apparently move to dismiss all other claims under Rules 12(b)(2) and 12(b)(3).[1] "In deciding a motion to dismiss under Rule 12(b)(6) or Rule 12(b)(2), the Court takes as true all well-pleaded facts alleged in the complaint and resolves any factual disputes in the affidavits in favor of the plaintiff." *Bittman v. Fox*, No. 14 C 08191, 2016 WL 2851566, at *1 (N.D. Ill. May 16, 2016) citing *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2012) (Fed. R. Civ. P. 12(b)(6)); *Felland v. Chilon*, 682 F.3d 665, 672 (7th Cir. 2012) (Fed. R. Civ. P. 12(b)(2)).  The same is true of motions under Rule 12(b)(3).  *See Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901, 904 (N.D. Ill. 2013) ("As with Rule 12(b)(3), Rule 12(b)(6) requires this Court to accept as true all of [Plaintiff's] well-pleaded factual allegations, with all reasonable inferences drawn in her favor.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* citing *Twombly*, 550 U.S. at 556.  And the additional requirements of claims subject to Federal Rule of Civil Procedure 9(b) do not change the fundamental analysis of the pleading requirements.  Indeed, the Supreme Court considered just that issue in *Ashcroft v. Iqbal*.  It held that the elements of a claim under 9(b) (i.e.  pleading with particularity the

---

[1]     Defendants mention Rules 12(b)(2) and 12(b)(3) in the last line of its introduction. But they never do so again.

circumstances constituting fraud or mistake," and pleading "[m]alice, intent, knowledge, and other conditions of a person's mind") must each be set forth in a general short and plain statement as mandated in Rule 8(a).  *See Iqbal*, 556 U.S. at 686-687.

Thus, the consideration before this Court is whether the Plaintiffs' Complaint sets for sufficient factual statements as to each claim, including the particular elements of fraud and mental state with respect to Claim 4 such that this Court has the power to and should hear Plaintiffs' case against Defendants.  It does, and Defendants' contrary motion should be denied.

## III.   The Relevant Background Facts

Defendants' motion eschews the facts set forth in Plaintiffs' Complaint (amended to specifically address the issues raised in Defendants' initial Motion to Dismiss (Dkt. 21)), and instead inserts its own competing version of the factual evidence through its introduction of Mr. Speciale's Declaration.  While that Declaration may hold some relevance to the portion of the motion directed to transfer, it is immaterial to the motion to dismiss.  In fact, to the extent it is relevant at all, it only serves to highlight the Defendants' control and direction of the business activities of the corporate defendant, the multitude of disputed facts between the parties, and the existence of a fully formed case and controversy as to all claims which a jury must hear and decide.

As set forth in the Complaint, the four Plaintiffs include Top Brand (CA), E Star (CA), Flying Star (IL), and Sky Creations (IL).  Dkt. 26 ¶¶ 7-13.  The Plaintiffs produce and sell a variety of fleece garments which compete with the Defendants.  Since November of 2019, Defendants, individually and through Cozy Comfort, have engaged in a campaign to monopolize the market in fleece hooded garments by improper conduct that has severely damaged each of the Plaintiffs at least by baring sales of Plaintiffs' products on Amazon.com and in Illinois stores. *See*, e.g. Dkt. 26 ¶¶29-30, 56-58, 76-80, 96-102.  Those and other actions, involve false or

misleading statements to Amazon, that Defendants knew were false and were directed at and felt by Plaintiffs, including, for example Flying Star and its business operations in Illinois directly. Dkt. 26. ¶ 169 *et seq*. Defendants' undertook its tortious actions to eliminate competition in Illinois so that Defendants could then fill the void it created by shutting down Plaintiffs' sales platform. Defendants then intended to take advantage of the Illinois customers that Plaintiffs could no longer service. Indeed, Defendants' website includes a drop down menu for shipping products to Illinois. Dkt. 26, ¶177-178. Defendants have further saturated the market with advertising and product placement, including activities directed to Illinois, by its sale of products through numerous on-line retailers including Target.com, QVC.com, and big5sportinggoods.com, and brick and mortar stores in the Chicagoland area. Dkt. 26, ¶34, 36.

Specifically with regard to Plaintiffs' claim of false marking, the Complaint sets forth an abundance of pointed factual allegations, each of which support the claim. For example, the Complaint identifies Defendant Cozy Comfort as the owner of www.thecomfy.com; Michael Speciale as being involved with the day-to-day operation of the website; Brian Speciale as being involved with the day-to-day operation of the website; and both Brian and Michael Speciale as moving, active, conscious force behind and directing the actions of Defendant Cozy Comfort Dkt. ¶¶ 55. 139-142. The Complaint sets forth the intentions of Defendants to use patents to promote their product and sway customers. Dkt. 26, ¶¶ 158-160. Defendants did represent that their products were covered by patents with the intent that customer would be swayed into purchasing those products over others (such as Plaintiffs'). Dkt. 26, ¶ 161. But Defendants knew its products were not covered as they had different ornamental appearances than the subject matter of the '788 patent. Dkt. 26, ¶ 147-157, 162-163. Defendants' further intentionally disparage others' products by referring to them as "knockoffs" with the intent that consumers be

swayed to place greater importance on the false representations that Defendants' products are covered by the '788 patent and thereby induce customers to only purchase its falsely marked products. Dkt. 26, ¶ 164. Far from disputing that fact, Michael Speciale champions it in his Declaration. *See* Dkt. 32, ¶ 8.

## IV. Defendant's Motion to Dismiss Count IV Should Be Denied

### A. Plaintiffs Fully Set Forth a False Marking Claim Under 35 U.S.C. § 292

There is no dispute that the Federal Circuit has held that a claim under 35 U.S.C. § 292 is scrutinized under the 9(b) standard. *See, In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011). But, as Defendants concede, the 9(b) standard merely requires sufficient facts to set for the who, what, when, where, and how of the §292 claim. *Id.* at 1309 (Fed. Cir. 2011) citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); Dkt. 31, p. 5. The purpose is simple, it is merely meant to avoid claims that "do little more than speculate." *Id.* at 1309.

Defendants' motion to dismiss does not truly dispute that Plaintiffs' Complaint contains the pertinent facts supporting its claim. Instead, Defendants simply disputes those facts.

For example, as set forth above, Plaintiffs' Complaint sets forth facts pertaining to Defendants' intent to seek patent protection as a marketing tool. Through its website, Defendants have asserted that *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* are each covered by the '788 patent. However, that representation is false. As Plaintiffs' set forth in the Complaint, the hood, arms, and pocket shape and placement of the Defendants products do not exhibit the ornamental design of the '788 patent. *See* Dkt. 26, ¶¶ 149-151. For at least those reasons, the overall combined appearance of the Defendants' products do not exhibit the ornamental design of the claim of the '788 patent and would not be viewed as being covered by that patent in the eyes of an ordinary observer. Dkt. 26, ¶¶ 152-153. The Complaint

further ties together Brian and Michael Speciale's day to day knowledge, their active driving force behind the Cozy Comfy business, as well as their intent to induce customers to purchase products on the false basis that they are patented. *See, for example*, Dkt. 26, ¶¶163-166.

Defendants' motion focuses on whether Plaintiffs have actually <u>proved</u> their case. Indeed, Defendants argue that Plaintiffs have not "pleaded facts sufficient to ***establish*** … Defendants' products are not covered by their design patent." Dkt. 31, p. 7, emphasis added. That is not the relevant test. Plaintiff need not "establish" anything at this point. "The purpose of a Rule 12(b)(6) motion to dismiss is to test the *legal* sufficiency of the complaint, not to determine whether the facts are sufficient to prove the claims." *Li v. Illinois Dep't of Fin. & Prof'l Regulation*, No. 17 CV 2498, 2018 WL 1453551, at *3 (N.D. Ill. Mar. 23, 2018).

Defendants further debate the merits of the case by arguing that the distinguishing characteristics identified by Plaintiffs are only "slight." Dkt. 31. at 7. But whether or not the hood, sleeve, pocket shape, and pocket placement of the Defendants' products would or would not be considered to covered by the '788 patent in the mind of an ordinary observer is precisely what the jury is charged with determining in this case.

There is no question about who made the false statements (Brian and Michael Speciale and Cozy Comfort) or where (through the website, [www.thecomfy.com](www.thecomfy.com)), or when (prior to and concurrent with this litigation proceeding), or what (stating that *The Comfy, The Comfy Lite, The Comfy Hoodie, and The Comfy Kids* are covered by the '788 and other patents) or how (making such statements when they are false because at least the hood, sleeves, pocket, and pocket placement would not be viewed as being covered by the '788 patent).[2] Thus, the fact that

---

[2]    That supplies at least as much information as what courts in this district have confirmed is sufficient for a claim under §292. *See Simonian v. Blistex, Inc.*, 10-CV-012301, 2010 WL 4539450, *6 (N.D.Il. Nov. 3, 2010) ("The 'who' is Blistex. The 'what' is Defendant's allegedly falsely marked BLISTEX® medicated lip-

Defendants disagree and argue their side of the story only highlights the existence of the dispute that Plaintiffs' require this Court's assistance to resolve. Indeed, seeing as how Defendants' were capable of articulating a defense, it is clear that there is no confusion or lack of specificity in Plaintiffs' Complaint to give Defendant fair warning as to the subject matter of the claim.

**B.      This Court Has Jurisdiction Over Defendants**

When a Defendant raises personal jurisdiction in a motion to dismiss, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Once again, the court must "accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes...in favor of the plaintiff." *Id.* The court must further consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (citations omitted); *see also Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014). "[T]he plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

This case is a federal question case, and thus a federal court in Illinois may exercise personal jurisdiction over Defendants if it would be permitted to do so under the Illinois long-arm statute. *See, uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426–27 (7th Cir. 2010) citing *See* Fed. R. Civ. P. 4(k)(1)(A). It has long been recognized that Illinois' exercise of personal

---

ointment products and the '924 patent. The 'when' is after the expiration of the '924 patent. The 'where' is on the product packaging of the accused product. The 'how' is marking the relevant products with the expired patent numbers. The allegations are sufficiently detailed, therefore, to meet the requirements of Rule 9(b).")

jurisdiction is coextensive with the federal constitutional requirements. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756-57 (7th Cir. 2010); *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir.2010), citing 735 Ill. Comp. Stat. 5/2–209(c).

### 1. This Court Has Jurisdiction Due to Plaintiffs' §292 Claim

Defendants do not dispute that they are subject to jurisdiction in Illinois with respect to Plaintiffs' claim under 35 U.S.C. §292. Instead, it focuses on dismissing that claim. For the reasons set forth above, that portion of Defendants' motion should be denied, and thus its arguments respecting jurisdiction are moot and should be denied as well.

### 2. This Court Has Jurisdiction Due to Defendants' Contacts With Illinois

Even if this Court is inclined to consider Defendants' other jurisdictional arguments, it should still reject them. The question then is whether it is fair and reasonable to bring Defendants into this Court. *See uBID,* 623 F.3d at 426 citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317, 66 S. Ct. 154, 158 (1945). Courts have routinely held defendants subject to their jurisdiction so long as the defendant's contacts with the forum state are not merely "random, fortuitous, or attenuated." *Id*. citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, (1985). The relevant inquiry focuses on whether Defendants have "purposely exploited the Illinois market." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011).

This case involves not only declaratory judgement claims for non-infringement and invalidity of Defendants' patent, but also Illinois state law claims for unfair competition and tortious interference. Therefore, the Court must examine the nature of the conduct engaged in by Defendants with respect to those claims.

Defendant has extensive contact with Illinois, has injured Plaintiffs' business dealings in Illinois, and has undertaken anticompetitive efforts that materially affect Plaintiffs' ability to compete for Illinois customers. Defendants are subject to jurisdiction here.

This case pertains to competition between companies in the sale of sweatshirts and wearable blankets. As set forth in the Complaint, Defendants sell Cozy Comfort products in Illinois through on-line retailers such as Amazon.com, and at Costco, Target, Walmart, Kohl's, Macy's, JC Penny, and Bed Bath & Beyond brick and mortar stores in the Chicagoland area. Dkt. 26, ¶ 34. Defendants have engaged and maintain continuous and systematic contacts with the state of Illinois, including conducting substantial and regular business in Illinois at least though marketing and sales of the products at issue, purportedly covered by the '788 patent. Dkt. 26, ¶ 35. Defendants' website is interactive. Dkt. 26, ¶ 37. Defendants intend for its products to be purchased by people in Illinois and use a drop down menu that includes Illinois as a shipping destination. Dkt. 26, ¶38. Through at least the website, Defendants have knowingly entered into contracts for the sale of goods, including the products at issue, with customers that are residents of Illinois. Dkt. 26, ¶39. Through its actions, Defendants compete with each of Plaintiffs in Illinois and for Illinois customers. Dkt. 26, ¶ 40. Particularly with respect to Sky and Flying Star, each Illinois residents of Illinois, the damage suffered by each from Defendants' wrongful acts is suffered in Illinois. Dkt. 42, ¶ 42.

All of the foregoing well-pleaded facts establish that Defendants have maintained sufficient minimum contacts with this state respecting the products and wrongful acts alleged in the Complaint to confer personal jurisdiction by this Court over Defendants.

Indeed, this case is similar to *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421 (7th Cir. 2010) and *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) analyzed by the court in *uBID*. The *Keeton* case involved claims of libel filed in New Hampshire. The Supreme Court determined that the defendant had no employees or offices in

9

New Hampshire, did not expressly aim its publication at New Hampshire, did not specifically target marketing to New Hampshire, but did circulate about 10,000-15,000 magazines in the state each month.[3]  *Keeton,* 465 U.S. at 773-774.  That circulation was enough to satisfy the jurisdictional requirements because the defendant "continuously and deliberately exploited the New Hampshire market."  *Id*.

In *uBid*, the issue was GoDaddy's registration of infringing domain names.  The defendant moved to transfer to its home state of Arizona.  *uBID*, 623 F.3d at 423.  The lower court granted the motion, but the Court of Appeals reversed.  *Id*.  In determining that Illinois did have jurisdiction, the court found that there was no evidence GoDaddy specifically targeted Illinois customers.  *Id.* at 428.  Instead, the court recognized that GoDaddy pushed a "national marketing campaign [that] is intended to reach as large an audience as possible, including the 13 million potential customers in the nation's fifth most populous state [Illinois]).  *Id*.  Regarding the relationship between its contact and the claims, the court noted that "the precise causal relationship between contacts and claim [is] not important; what [is] required [is] that the relationship be 'intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable.' "  *Id*. at 430 quoting *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312 (3d Cir. 2007).

As for internet contacts like GoDaddy's, the Court noted that GoDaddy intended to reach Illinois customers and, when it accepted money from Illinois customers it engaged in the conduct that was complained of.  *Id*. at 432.  The existence of such contracts was sufficient for GoDaddy to expect to defend itself in Illinois.  *Id*.  The court further noted that the fact that the actual

---

[3]     While the precise number of internet views Defendants get from Illinois residents is not known, it is reasonable to infer from 70 million in goods sold over two years that a similar 10,000-15,000 views of its products by residents of one of the most populous states in the country would be appropriate.

completion of the tasks occurred on GoDaddy servers located elsewhere was "irrelevant." *Id*. It was the customers solicited in Illinois that was important. *Id*.

The Seventh Circuit's decision in *Illinois v. Hemi Grp., LLC*, 622 F.3d 754 (7th Cir. 2010), is also instructive here. In that case, Hemi Group, a New Mexico corporation, was hailed into an Illinois court on claims related to three hundred packs of cigarettes it sold to an Illinois Department of Revenue agent through its online store, which advertised its products to every U.S. state except New York. *Id*. at 755. Similar to Defendants here, Hemi Group argued that it was not an Illinois company and did it have employees or offices in the state. *Id*. at 756. Nevertheless, the Seventh Circuit affirmed the district court's exercise of specific jurisdiction because, through its website, the defendant "held itself out as open to do business with every state (including Illinois) except New York" and, in fact, shipped the products to Illinois to fulfill customer orders. *Id*. at 758. The Seventh Circuit concluded that Hemi Group's own actions leading up to and following the sales demonstrated that it had reached out to residents of Illinois enough to create sufficient minimum contacts with the forum. *Id*. Thus, even limited sales is sufficient for jurisdiction. *See Hemi Grp., LLC*, 622 F.3d at 754, 758; *see also Valtech, LLC v. 18th Ave. Toys Ltd.*, 2015 WL 603854, at *4 (N.D. Ill. Feb. 12, 2015) ("Although Defendants' sales in Illinois are very minimal in comparison to overall sales, these sales to Illinois residents still occurred, each resulting in an alleged intentional tort."). In fact, a ' "*A single tortious act committed in Illinois, no matter how minimal, brings the alleged tortfeasors within the scope of the long arm statute.*' " *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) (emphasis original) quoting *Ingram v. Page*, 1999 WL 569565, at *1 (N.D. Ill. July 28, 1999).

So too, here, Defendants have deliberately and continuously exploited the Illinois market through its online and big box store sales and extensive advertising in this state. That activity in the sale of its purportedly patented product is at the heart of the claims brought by Plaintiffs as Defendants are improperly syphoning off sales from Plaintiffs through its unfair and tortious conduct. By engaging in contracts with Illinois customers to sell products that Defendants are peddling with the advantages it has gained through unfair and tortious acts against Plaintiffs, Defendants' actions have tied it to this jurisdiction. The fact that it may have conducted its interference through Amazon servers located outside Illinois it immaterial. Defendants targeted Illinois customers, interfered with Plaintiffs competition here in Illinois, and Sky and Flying Star at least have been damaged in Illinois. With Defendants conducting a multi-million dollar nation-wide enterprise, it should be no surprise that it must now defend itself here in Illinois.

Plaintiffs have established that this Court has jurisdiction over Defendants and therefore venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as set forth in Plaintiffs' Complaint.

### C.     The Factors Weighed Under §1404 and §1406 Do Not Favor Transfer

Defendants' offer no basis for transfer under 28 U.S.C. § 1406 other than relying on its jurisdictional arguments. As shown above, this Court has jurisdiction and therefore Defendants' arguments should be disregarded.

Defendants offer an alternative basis for transfer—convenience under 28 U.S.C. § 1404—but its arguments do not withstand scrutiny. Defendants, as the movant, bear "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir. 1986). Section 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack,* 376 U.S. 612, 645-46 (1964). Defendants

12

do nothing to show that Arizona is overall more convenient. Instead, Defendants simply seek to shift whatever burden there might be in litigating in a foreign jurisdiction from Defendants to Plaintiffs. That is not the issue before the Court. "The major focus of a transfer is to effect an **overall improvement** in the convenience to the parties, witnesses and administration of justice." *See Protective Ins. Co. v. Montgomery Tank Lines, Inc.*, 1989 WL 84415, at *1 (N.D. Ill. July 19, 1989), emphasis added.

When evaluating the relative convenience of the transferee and the transferor courts, the court weighs (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses. *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015) (Pallmeyer, J.) citing *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010).

Here, Defendants actively lodged numerous unfounded complaints at Plaintiffs, continually interfering with their business over the course of many months, and importantly during the 2019 Holiday shopping season. While Plaintiffs' attempted to resolve the matter outside of litigation, those efforts were rebuffed. Despite providing Defendants' with a point-by-point examination and comparison between Plaintiffs' product and the '788 design patent, Defendants never responded. Consequently, Plaintiffs were forced to bring this action to protect their rights. In doing so, Plaintiffs chose Illinois as the proper and most convenient forum for their action.

"A plaintiff's chosen forum is entitled to substantial deference." *AL & PO Corp.*, 2015 WL 738694, at *2. *See also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S.Ct. 568, 581 (2013) ("Because plaintiffs are ordinarily allowed to select whatever forum they

consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.' "). The court has further emphasized deference to a plaintiff's choice where the suit is brought in the plaintiff's home forum. *Al & PO Corp.*, 2015 WL 738694, at *2. That is the situation before this Court. Illinois is the home forum of both Flying Star and Sky Creations. Dkt. 26, ¶¶ 11, 13.

Defendants' attempt to downplay that choice by referring to Plaintiffs' case as a mere declaratory judgement action. However, Plaintiffs' action encompasses both declaratory judgement claims and coercive claims. Plaintiffs' choice of forum should not be penalized because they efficiently seeks to adjudicate all of their claims in a single action.

The situs of material events does not favor transfer. As discussed with respect to jurisdiction, the interference engaged in by Defendants has occurred in Illinois. It does not matter that internet servers may host a website in some disparate locale. It is Plaintiffs here in Illinois, and the Illinois customer base that has been harmed by Defendants' unfair competition that matter. Defendants sat back and fired round after round of interfering complaints through the internet. And when those complaints hit their marks the impact was felt here in Illinois, and Illinois residents' entitlement to open and fair competition in the market place was ruined.

The third factor, the relative ease of access to sources of proof does not support transfer either. The court has routinely found that modern conveniences have essentially neutered this factor. *See, for example*, *AL & PO Corp.*, 2015 WL 738694, at *3 ("The 'ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country' renders this consideration insignificant." quoting *Shakir Dev. & Const., LLC v. Flaherty & Collins Const., Inc.,* No. 11–cv–1116, 2011 WL 2470887, *2 (N.D. Ill. June 21, 2011)). *See also In re Hudson,* 710 F.3d 716, 719 (7th Cir. 2013) (changes of venue based on travel

inconvenience should be infrequent because "[t]oday documents can be scanned and transmitted by email."). In any case, Defendants do not identify any particular sources of proof that are so rooted in Arizona that the entire case must be transferred there. They mention the Comfy products (which Defendants have no problem shipping all throughout the United States on a daily basis), that the website (which is nothing more than a cluster of electronic files) is directed from Arizona, and that its patent attorney works in Arizona. None of that is significant.

The convenience of witnesses also does not counsel for transfer. It is true that the convenience of *non-party witnesses* may be a significant factor under the §1404 analysis. *Amorose v. C.H. Robinson Worldwide, Inc.,* 521 F.Supp.2d 731, 735 (N.D. Ill. 2007). But Defendants do not identify any such witness. Once again, all of the Plaintiffs chose Illinois as the proper and convenient location for the suit. Just because the Speciale Defendants happen to reside in Arizona does not favor transfer. They are parties and employees of Cozy Comfort. "[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses." *AL & PO Corp.*, 2015 WL 738694, at *4 (citing cases). Additionally, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 665 (7th Cir. 2003). Once again, the availability of electronic document production, even video conferences and, if need be video depositions, undercut all of Defendants' convenience arguments.

Finally, Defendants correctly note that public interest factors may be weighed in considering whether or not to transfer a case. However, Defendants omit the factors that courts sometimes consider. Those factors are "(1) the speed at which the case will proceed to trial; (2)

the courts' familiarity with the applicable law; and (3) the relation of the community to the occurrence at issue and the desirability of resolving controversies in each court's locale." *AL & PO Corp.*, 2015 WL 738694, at *5. Defendants offer nothing that would support the weighing of any one of those factors in its favor. Indeed, they do not. For example, the median time interval from filing to disposition of civil cases in the Northern District of Illinois is 9.8 months while Arizona is 12.5 months.[4] Both Illinois and Arizona are likely equally adept at addressing the declaratory judgement issues as those are governed by the law of the Federal Circuit, however, Illinois is in a far better position to address Plaintiffs' Illinois state law claims. Finally, it is Illinois consumers and Illinois Plaintiff companies (i.e. Sky Creations and Flying Star) that have been harmed. Illinois has substantial interest in adjudicating these matters affecting its citizens.

## V.    Conclusion

Plaintiffs chose this Court as the jurisdiction and venue to address the continual unfair, harassing, and illegal acts of Defendants. All of Plaintiffs' claims are well-plead and supported by substantial facts. There is no basis to dismiss any of Plaintiffs' claims. There is also no basis to transfer this action from Plaintiffs' chosen forum. Defendants' motion should be denied in its entirety. Strictly in the alternative, this Court should grant Plaintiffs leave to file a second amended complaint.

---

[4]    *See* U.S. District Courts—Median Time From Filing to Disposition of Civil Cases, by Action Taken—During the 12-Month Period Ending March 31, 2020 available at https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2020/03/31. That is the same reporting that has been used in the past when considering motions to transfer. *See AL & PO Corp.*, 2015 WL 738694, at *5, n. 1.

Respectfully submitted,

Date: <u>July 31, 2020</u>                    <u>  /s/ Matthew De Preter    </u>
William L. Niro
Christopher W. Niro
Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
wniro@agdglaw.com
cniro@agdglaw.com
cdepreter@agdglaw.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020 I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.


Respectfully submitted,


Date: July 31, 2020 ___        /s/ Matthew De Preter
                               William L. Niro
                               Christopher W. Niro
                               Matthew De Preter
                               ARONBERG GOLDGEHN DAVIS & GARMISA
                               330 N. Wabash Ave. Suite 1700
                               Chicago, IL 60611
                               (p) 312.828.9600
                               (f) 312.828.9635
                               wniro@agdglaw.com
                               cniro@agdglaw.com
                               cdepreter@agdglaw.com


                               **Attorneys for Plaintiffs**